IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| TIMOTHY JOEL FRY | § § | |
| v. | § § | 2:15-CV-0147 |
| UNITED STATES OF AMERICA | § § | |

### REPORT AND RECOMMENDATION TO DISMISS MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

Came for consideration the above-entitled motion filed by defendant TIMOTHY JOEL FRY. For the reasons set forth below, defendant's motion is time-barred and should be DISMISSED.

### I.
### PROCEDURAL HISTORY

On July 28, 2011, defendant pled guilty to the felony offense of Money Laundering in violation of 18 U.S.C. § 1957. On October 25, 2011, the United States District Judge sentenced defendant to a term of 87 months imprisonment for the offense, and imposed Judgment. Defendant did not file a direct appeal challenging his conviction or sentence. Consequently, defendant's conviction became final on November 8, 2011 upon the expiration of time for filing a notice of appeal.[1] On April 27, 2015, more than three (3) years after his conviction became final, defendant

---

[1] Defendant had fourteen (14) days in which to file a Notice of Appeal challenging his conviction and sentence. *See* Fed. R. App. Proc. 4(b)(1)(A)(i).

executed the instant motion challenging his conviction and sentence. Defendant's motion was received and filed of record May 11, 2015.[2]

## II.
## DEFENDANT'S ALLEGATIONS

In his motion to vacate, defendant appears to present claims asserting he was denied effective assistance of counsel because counsel:

1. Did not file a notice of appeal;

2. Did not challenge the "actual loss" amount set out in the Presentence Report (PSR);

3. Did not explain the appeal process to defendant; and

4. Misadvised defendant to plead guilty or face a longer sentence.

## III.
## STATUTE OF LIMITATIONS

Title 28 U.S.C. § 2255 establishes a one-year limitation period for filing a motion to vacate, set aside or correct sentence in federal court. That section provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2]Defendant does not indicate, on his section 2255 form motion, the date on which he placed the motion in the prison mailing system. Defendant does, however, indicate the date he executed his motion was April 27, 2015. The Court will consider April 27, 2015 as the date he deposited his motion in the prison mailing system for purposes of *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (habeas applications are deemed filed on the date an inmate tenders the petition to prison officials for mailing)..

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant does not assert the Government created an unconstitutional impediment to his filing the instant motion, nor does he assert the violation of a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Instead, defendant challenges his conviction and October 25, 2011 Judgment and sentence on grounds which either existed as of the date defendant's sentence was assessed, or on grounds which could have been discovered through the exercise of due diligence shortly thereafter. Consequently, this case is controlled by subsections (1) and (4) of section 2255's limitation period provisions.

Defendant's judgment of conviction and sentence became final on November 8, 2011. The one-year statute of limitations thus began to run on November 9, 2011 as to defendant's claims that existed as of the date defendant was sentenced, i.e., his claims that he was denied effective assistance of counsel because counsel did not challenge the "actual loss" amount set out in the PSR, and for misadvising defendant to plead guilty or face a longer sentence. Any motion to set aside, vacate or correct defendant's sentence asserting these grounds was due to be filed on or before November 9, 2012. Since defendant did not file his section 2255 motion asserting these claims until April 27, 2015, more than three (3) years later, the motion is untimely as to these grounds and should be dismissed as time-barred.

Defendant's claims that counsel was ineffective for failure to file a notice of appeal and for failure to explain the appeal process to defendant are claims that may not have been available as of the date he was sentenced but which were available on or immediately after the date on which

defendant's judgment of conviction became final. Although defendant does not assert when he discovered the facts supporting these claims, the claims could have been discovered through the exercise of due diligence shortly after defendant's judgment of conviction became final, that is, after the time for filing defendant's notice of appeal expired. Even if defendant was not initially aware of the 14-day time period in which to file his notice of appeal, he could have, through the exercise of due diligence discovered the deadline for filing a notice of appeal within a reasonable period of time and, through due diligence, could have discovered his counsel did not file a timely notice of appeal on his behalf. Defendant's co-defendant and mother, Janice Demmitt, filed a notice of appeal in her case on November 22, 2011, after being sentenced on November 10, 2011, and her appeal proceeded in due course. Even if this Court were to liberally find defendant could not have discovered, even with the exercise of due diligence, that counsel did not file an appeal on his behalf until the end of the year, December 31, 2011, defendant still did not file his motion to vacate within a year of such discovery. Defendant did not file his motion asserting ineffective assistance of counsel for counsel's failure to file a notice of appeal or explain the appeal process until April 27, 2015, more than three (3) years after he could have discovered the claims through the exercise of due diligence. Defendant's claims are time-barred, and his motion to vacate as to these grounds is untimely and should be dismissed.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by defendant TIMOTHY JOEL FRY be, in all things, DISMISSED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to defendant and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _20th_ day of January 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).